SHAAMINI A. BABU, ESQ. (SBN 230704)
SABRINA PUTRI, ESQ. (SBN 337871)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Suite 373
Concord, CA 94521
(510) 906-4710
sbabu@sjlawcorp.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; JAMES MURRAY AND DAN REDING, as Trustees, <br><br> Plaintiffs, <br><br> vs. <br><br> PACIFIC RACING ASSOCIATION., a California corporation; PACIFIC RACING ASSOCIATION II, a California Corporation; LOS ANGELES TURF CLUB INC., a California corporation; LOS ANGELES TURF CLUB II, INC., a California Corporation; BELINDA STRONACH, an individual; TSG DEVELOPMENTS INVESTMENTS, INC. dba STRONACH GROUP, a Delaware Corporation registered to do business in California; TSG DEVELOPMENTS US HOLDINGS INC., a Delaware Corporation registered to do business in California; 1/ST LLC, Delaware Corporation registered to do business in California ; 1/ST RACING LLC, 1/ST RACING & GAMING; 1/ST CONTENT; 1/ST EXPERIENCE; 1/ST TECHNOLOGY; 1/ST HORSE CAR; MAGNA INTERNATIONAL INC.; ACASTA ENTERPRISES; ACASTA CAPITAL INC.; and DOES 1-10,  Defendants. | Case No. <br><br> **COMPLAINT** |

1

COMPLAINT
CASE NO.

**INTRODUCTION**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461.

**Withdrawal Liability**

In order to protect plan participants and the federal Pension Benefit Guaranty Corporation (PBGC), effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans in a complete or partial withdrawal. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

**Controlled Group**

Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or business under common control are to be treated as a single employer. Thus, members of the withdrawn employer's controlled group are jointly and severally liable for the withdrawal liability. *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *LaFrenz,* 837 F.2d 892, 894 (9th Cir. 1988); *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987).

**Request for Review and Arbitration**

ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2), and any dispute concerning the pension plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

**Overview**

Defendants PACIFIC RACING ASSOCIATION and PACIFIC RACING ASSOCIATION II ("collectively PACIFIC RACING") are California corporations, and were participating employers in

2

COMPLAINT
CASE NO.

the Pension Plan for the Pension Trust Fund for Operating Engineers (the "OE Local 3 Pension Plan" or "Plan").

In or about 2024, Defendant PACIFIC RACING incurred a complete withdrawal from the OE Local 3 Pension Plan, thereby triggering the OE Local 3 Pension Plan to assess withdrawal liability of $1,581,889.00 against it and all members of its controlled group under ERISA §4205(a)(1) and (b)(1), 29 U.S.C. §1385(a)(1) and (b)(1). By letter dated November 21, 2024 ("Assessment"), which is attached hereto as **Exhibit 1**. Plaintiff OE Pension Plan notified Defendant of the assessed withdrawal liability.

Defendant PACIFIC RACING failed to challenge the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the initial notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2). The OE Local 3 Pension Plan did not timely receive Defendant PACIFIC RACING's request for review by February 19, 2025. Thus, on February 26, 2025, the OE Pension Plan accelerated the entire unpaid withdrawal liability since Defendant PACIFIC RACING was in default ("Notice of Acceleration" attached hereto as **Exhibit 2**) pursuant to ERISA §4219(c)(5)(B), PBGC § 4219.31(b)(2) and Section XII of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to **Exhibit 1** hereto).

On April 18, 2025, Defendant PACIFIC RACING untimely submitted a Request for Review and contended that it has not made a completely withdrawal as control group member LOS ANGELES TURF CLUB, INC. and LOS ANGELES TURF CLUB II, INC. (collectively "TURF CLUB") are still contributing for work performed at Santa Anita Park in Arcadia, California. On May 23, 2025, the Plan's Counsel requested the last contribution report and Collective Bargaining Agreement ("CBA") for TURF CLUB. On May 27, 2025, PACIFIC RACING's counsel provided the 2023-2026 Master Turf Maintenance Agreement ("Local 12 Master Agreement"). Pursuant to the Local 12 Master Agreement TURF CLUB is contributing to the defined benefit plan for Operating Engineers Local 12 ("OE Local 12 Plan"), which is a different and separate legal entity than the OE Local 3 Pension Plan.

3

COMPLAINT
CASE NO.

As of the filing of this Complaint, Defendants have not made any of the required withdrawal liability installment payments and thus are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

Based on the foregoing above, Plaintiffs therefore seek a money judgment against Defendant PACIFIC RACING and each other Defendant as a member of its controlled group for an award of the entire withdrawal liability, plus the mandatory interest of 10%, an amount equal to the greater of interest or liquidated damages of 20%, reasonable attorney's fees and costs of this action.

## PARTIES

1.    The OE Local 3 Pension Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3).  The OE Local 3 Pension Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c).

2.    Plaintiffs Dan Reding and James Murray serve on the Board of Trustees of OE Local 3 Pension Plan, the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the OE Pension Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a).  As Trustees of the OE Pension Plan, they are empowered to bring this action on behalf of the OE Local 3 Pension Plan pursuant to ERISA §4301(a)(1) - (b) and §502(a)(3), 29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

3.    Defendant PACIFIC RACING ASSOCIATION is an active California corporation with a business address at 1100 Eastshore Blvd., Berkeley, CA 94710.  PACIFIC RACING ASSOCIATION II is an active California corporation with a business address at #2 – 95 Eric T. Smith Way, Aurora, ON, L4G 0Z6. They are employers within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and are engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

4

COMPLAINT
CASE NO.

4.    LOS ANGELES TURF CLUB INC. is an active corporation with a business address at 285 W. Huntington Drive, Arcadia, CA 91007. LOS ANGELES TURF CLUB II, INC. is an active corporation with a business address at #2 – 95 Eric T. Smith Way, Aurora, ONL4G 0Z6, Canada. They are employers within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and are engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

5.    Defendant Belinda Stronach is an individual and as the principal owner of the other Defendants is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

6.    Defendant TSG DEVELOPMENTS INVESTMENTS, INC. dba STRONACH GROUP ("TSG/STRONACH") is a terminated Delaware Corporation registered to do business in California. It was an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and was engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

7.    Defendant TSG DEVELOPMENTS US HOLDINGS INC. ("TSG HOLDINGS") is an active Delaware Corporation actively registered to do business in California with a business address at 95 Eric T. Smith Way, Unit 2, Aurora, Ontario L4G 0Z6. It is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

8.    1/ST LLC dba 1/ST, is an active Delaware Corporation registered to do business in California, with a business address at 901 S. Federal Hwy. Hallandale Beach, FL 33009. It is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

5

COMPLAINT
CASE NO.

9. Defendant TSG/STRONACH and Defendant TSG HOLDINGS are the holding companies of Defendants PACIFIC RACING; TURF CLUB; 1/ST LLC; 1/ST RACING LLC; 1/ST RACING & GAMING; 1/ST CONTENT; 1/ST EXPERIENCE; 1/ST TECHNOLOGY; 1/ST HORSE CAR; MAGNA INTERNATIONAL; ACASTA ENTERPRISES; and ACASTA CAPITAL INC.

10. Plaintiffs are informed and believe that Defendants PACIFIC RACING; TURF CLUB; BELINDA STRONACH; TSG/STRONACH; TSG HOLDINGS, 1/ST LLC; 1/ST RACING LLC; 1/ST RACING & GAMING; 1/ST CONTENT; 1/ST EXPERIENCE; 1/ST TECHNOLOGY; 1/ST HORSE CARE; MAGNA INTERNATIONAL INC.; ACASTA ENTERPRISES; ACASTA CAPITAL INC. are a single employer under common control and are jointly and severally liable for Defendant PACIFIC RACING's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

11. Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant PACIFIC RACING under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Defendant PACIFIC RACING has failed to provide sufficient information regarding the identities of entities and persons within the same controlled group as Defendant PACIFIC RACING, as requested by Plaintiffs in accordance with ERISA §4219(a), 29 U.S.C. §1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons. Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

**JURISDICTION**

1. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§4301(c) and 502, 29 U.S.C. §§1451(c) and 1132. Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

6

COMPLAINT
CASE NO.

2. To the extent jurisdiction over any claim does not exist under ERISA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## VENUE

3. Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C. §§1451(d) and 1132. Where an action is brought under ERISA §§4301 and 502, 29 U.S.C. §§1451 and 1132 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served nationwide in any district where a defendant resides or may be found. The OE Local 3 Pension Plan, on whose behalf the Trustees brings this action, is administered in this district at its principle place of business at 1141 Harbor Bay Parkway, Suite 100 in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

## INTRADISTRICT ASSIGNMENT

4. Assignment to the United States District Court, Northern District of California, Oakland, CA Division is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in Alameda County, California where the Plaintiff Trust Funds are administered.

## FACTUAL ALLEGATIONS

5. Defendant PACIFIC RACING is a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers Local Union No. 3 ("Union"). The Union is a labor organization as defined in the NLRA § 2(5), 29 U.S.C. § 152(5), that represents employees in an industry affecting interstate commerce. Defendant PACIFIC RACING was obligated and did make contributions to the Plan on behalf of its employees that were covered under the Bargaining Agreement.

6. In or about 2024, Defendant PACIFIC RACING made a complete withdrawal from

7

COMPLAINT
CASE NO.

participation in the OE Local 3 Pension Plan under ERISA §4203, 29 U.S.C. §1383.

7.    By written notice dated November 21, 2024, Plaintiff OE Local 3 Pension Plan notified Defendants of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. §§1381, *et seq* ("Assessment"). The Assessment which is attached hereto as **Exhibit 1** and incorporated herein by reference specified:

- OE Local 3 Pension Plan had a fiscal year running from January 1 to December 31 and therefore, the withdrawal liability is calculated as of December 31, 2023, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

- Withdrawal liability of $1,581,889.00 could have been paid in a lump sum upon receipt of the Assessment, or in quarterly installments as follows:

| Amount of Installment | Due Date |
|---|---|
| $45,035.47 | January 1, 2025 |
| $45,035.47 | April 1, 2025 |
| $45,035.47 | July 1, 2025 |
| $45,035.47 | October 1, 2025 |
| $45,035.47 | Each following quarter through October 1, 2037 |
| $21,250.66 | January 1, 2038 |

8.    Defendant PACIFIC RACING had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the initial or further notice of the withdrawal liability assessment (i.e. February 19, 2025) as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

9.    As the OE Local 3 Pension Plan did not receive any request for review by February 19, 2025.

10.    On February 26, 2025, the OE Local 3 Pension Plan accelerated the entire unpaid withdrawal liability of $1,581,890.00, since Defendant PACIFIC RACING was in default ("Notice of Acceleration" attached hereto as **Exhibit 2**) pursuant to ERISA §4219(c)(5)(b), PBGC § 4219.31(b)(2) and Section XII of the Plan's Withdrawal Liability Assessment Procedures (attached

COMPLAINT
CASE NO.

as Exhibit B to **Exhibit 1** hereto).

11.    On April 18, 2025, Defendant PACIFIC RACING untimely submitted a Request for Review ("Request for Review") and contended that it has not made a complete withdrawal since control group TURF CLUB is still contributing for work performed at Santa Anita Park in Arcadia, California.

12.    On May 23, 2025, the Plan's Counsel requested the last contribution report and CBA for TURF CLUB and STRONACH GROUP.   On May 27, 2025, PACIFIC RACING's counsel provided the 2023-2026 Master Turf Maintenance Agreement ("Local 12 Master Agreement").  Per the Local 12 Master Agreement TURF CLUB is obligated to contribute to the Local Union 12 Plan which is a different and separate legal entity than the OE Local 3 Pension Plan.

13.    In order to initiate arbitration under ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XV of the OE Pension Plan's Withdrawal Liability Procedure (attached as Exhibit B to **Exhibit 1** hereto) mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A). As the Request for Review was submitted untimely, Defendants have waived their right to arbitration.

14.    Neither Defendant PACIFIC RACING, nor any member of its controlled group made any of the required quarterly installment payments or provided sufficient information regarding controlled group members.

15.    As of the filing of this Complaint, Defendants have not made any of the required withdrawal liability payments and thus are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5).

16.    Plaintiffs seek a judgment of the entire assessed withdrawal liability, plus the mandatory interest of 10%, an amount equal to the greater of interest or liquidated damages of 20%, reasonable attorney's fees and costs of the action.

**FIRST CAUSE OF ACTION**
**By the OE Pension Plan and its Trustees Against Defendants**
**for Violation of ERISA §4219, 29 U.S.C. §1381:**

9

**Request for Payment of Withdrawal Liability, Interest,
Liquidated Damages, Attorneys' Fees and Costs**

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18.     In or about 2024, Defendant PACIFIC RACING made a "complete withdrawal" from the OE Pension Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, *et seq*.

19.     On November 21, 2024, Plaintiffs assessed withdrawal liability against Defendant PACIFIC RACING, and all members of its controlled group and thereafter declared Defendants to be in default and accelerated payments pursuant to ERISA § 4219(c)(5)(b) and PBGC § 4219.31(b)(2).

20.     To date, Defendants have not paid any of the assessed withdrawal liability. Thus, Defendants and each other member within the controlled group, are in default and are jointly and severally liable for the entire amount of the unpaid withdrawal liability under ERISA §§ 4219(c)(5) and 4001(b)(1), 29 U.S.C. §§1399(c)(5) and 1301(b).

21.     Accordingly, Plaintiffs seek judgment against Defendants for the entire withdrawal liability of $ 1,581,889.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and 1132(g)(2).

22.     ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145.  Thus, Defendants are also liable for interest, liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The OE Local 3 Pension Plan provides for interest at the rate of 10% per annum, and for liquidated damages in an amount equal to the greater of 20% of the total unpaid withdrawal liability or interest on the total unpaid withdrawal liability.

23.     The OE Pension Plan, therefore, seeks a money judgment against Defendants for an judgment of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of interest or

COMPLAINT
CASE NO.

liquidated damages, and costs, including attorneys' fees.

### SECOND CAUSE OF ACTION
**By the OE Pension Plan and its Trustees Against Defendants
for Violation of ERISA §4219(a), 29 U.S.C. §1399(a):
Failure to Provide Required Information under ERISA**

24.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23, above.

25.     In violation of ERISA §4219(a), 29 U.S.C. §1399(a), Defendant PACIFIC RACING has failed to provide the necessary information requested by the OE Local 3 Pension Plan relating to contribution of TURF CLUB to the OE Local 3 Pension Plan.

26.     The failure of Defendants to make the quarterly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) has caused the OE Local 3 Pension Plan to sustain loss of investment income and incur administrative and legal expenses.

27.     Defendants' failure to comply with the law has caused the OE Local 3 Pension Plan to suffer immediate, continuing, and irreparable injury, and Plaintiff Local 3 OE Pension Plan is without an adequate remedy at law.

28.     Due to Defendants' failure to provide sufficient information the OE Local 3Pension Plan is required to name its unknown controlled group members as fictitious defendants until their true identities can be discovered.

29.     Thus, injunctive relief as prayed for below is proper.

### PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.     For a judgment in favor of the OE Local 3 Pension Plan and its Trustees providing that Defendant PACIFIC RACING as well as all other members of its controlled group are jointly and severally liable to immediately pay to the OE Local 3 Pension Plan the following sums:

- Unpaid withdrawal liability of $1,581,889;

11

COMPLAINT
CASE NO.

- Interest at the rate of 10% simple interest per annum pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

- Pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1451(b) and 1132(g)(2), liquidated damages equal to the greater of:

  1. The accrued interest on the unpaid withdrawal liability as of the due date of the first withdrawal installment payment which was not timely made, or

  2. An amount equal to 20% of the amount of unpaid withdrawal liability; and

- Attorneys' fees and costs incurred by the OE Local 3 Pension Plan in connection with this action as required by ERISA §§4301(e) and 502(g), 29 U.S.C. §§1451(e) and 1132(g).

2.    For injunctive relief ordering Defendants to provide all of the documentation and information requested by the OE Pension Plan, including but not limited to information regarding all trades or businesses which are within Defendant PACIFIC RACING's controlled group as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

3.    Such other relief as this Court deems appropriate.


Dated: July 18, 2025                        SALTZMAN & JOHNSON LAW CORPORATION


                                            By:  _/S/ Sabrina Putri
                                                 Attorneys for Plaintiffs


12

COMPLAINT
CASE NO.