UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS, et al.,

Plaintiffs,

v.

PACIFIC RACING ASSOCIATION, et al.,

Defendants.

Case No. 25-cv-06061-JST

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Re: ECF No. 11

Before the Court is Defendants' motion to compel arbitration and to stay these proceedings pending completion of the arbitration.  ECF No. 11.  The Court will grant the motion in part.

## I.      BACKGROUND

Plaintiff Pension Plan for the Pension Trust Fund for Operating Engineers ("Plan") is a multiemployer employee benefit pension plan.  Plaintiffs Dan Reding and James Murray are fiduciaries of the Plan.  They bring this ERISA action to recover the withdrawal liability they allege Defendants[1] owe after Defendants Pacific Racing Association and Pacific Racing Association II (collectively, "Pacific Racing") allegedly withdrew from the Plan.

The Plan sent a letter ("Assessment") to Pacific Racing on November 21, 2024, notifying them of Defendants' withdrawal liability and presenting a schedule for quarterly liability payments of the assessment amount, as required by 29 U.S.C. § 1399(b)(1).  The Plan received a return

---

[1] Defendants are Pacific Racing Association; Pacific Racing Association II; Los Angeles Turf Club Inc.; Los Angeles Turf Club II, Inc.; Belinda Stronach; TSG Developments Investments, Inc.; TSG Developments US Holdings Inc.; 1/ST LLC; 1/ST Racing LLC; 1/ST Racing & Gaming; 1/ST Content; 1/ST Experience; 1/ST Technology; 1/ST Horse Car; Magna International Inc.; Acasta Enterprises; and Acasta Capital Inc.

certified mail receipt dated November 25, 2024.  ECF No. 22 at 36–37.  ERISA provides a 90-day period during which Pacific Racing could have submitted a request for review to the Plan.  29 U.S.C. § 1399(b)(2).  The Plan did not receive any such request and sent a second letter ("Acceleration Notice") to Pacific Racing on February 26, 2025, requesting full payment of the assessment amount immediately, rather than through quarterly payments, under 29 U.S.C. § 1399(c)(5).

Pacific Racing contends that they did not receive the Assessment and did not become aware of the Plan's demand for withdrawal liability until they received the Acceleration Notice.  They have submitted a declaration stating that the mark in the signature box on the certified mail receipt does not match the signature of any employee who was working on the date listed on the receipt.  ECF No. 11-3 ¶¶ 7–9.

Pacific Racing submitted a request for review to the Plan on April 18, 2025, and the Plan submitted its response on May 28, 2025.  Pacific Racing initiated arbitration on July 24, 2025.  On the same date, Pacific Racing paid the Plan $135,112.41, which represents the three quarterly withdrawal liability installments, as calculated in the Assessment, due on January 1, April 1, and July 1, 2025.  The record is unclear as to whether Pacific Racing has continued to make quarterly payments after that date.

The parties do not dispute that Pacific Racing's request for review was timely if based on the Acceleration Notice date.  However, Plaintiffs argue that it is untimely if based, as they contend it should be, on the date listed on the certified mail receipt for the Assessment.

Plaintiffs filed this case on July 18, 2025, several days before Pacific Racing initiated arbitration.  Defendants filed a motion to compel arbitration and stay the case on September 29, 2025.  While the motion was pending, the arbitration proceeded, and the arbitrator issued a decision on November 20, 2025.

The parties jointly describe the arbitrator's decision as "denying Plaintiffs' request to dismiss for timeliness and finding Defendants timely filed the Arbitration, and [stating that] this district court has jurisdiction to decide whether the full withdrawal liability is owed by Defendants during the pendency of the arbitration."  ECF No. 27 at 2.  The Court granted the parties'

stipulated request to supplement the record with the arbitrator's decision and ordered the parties to "file a joint supplemental brief setting forth their agreed or separate views on the impact of the arbitrator's decision on the motion before the Court." ECF No. 28 at 1.

In their timely joint response, Plaintiffs argued that the arbitrator's decision "contains conclusions inconsistent with the record and court decisions," and that "this Court must rule in favor to proceed with this action because the arbitration cannot proceed since Defendants did not timely request review of the Assessment." ECF No. 30 at 2–3. Plaintiffs alternatively requested the Court to "order Defendants to make an interim payment of the full withdrawal liability as conceded by the Arbitrator while the Arbitrator decides only whether the Plaintiffs had a basis to accelerate." *Id.* at 3. Defendants maintained their position that "disputes regarding timeliness of a Request for Review and Demand for Arbitration are for an arbitrator to decide" and argued that, "[t]o the extent that Plaintiffs now ask the Court to review, or vacate, the Arbitrator's Order, such arguments are premature." *Id.* at 4–5. Defendants further argued that these proceedings should be stayed pending arbitration, but they did not address Plaintiffs' alternative request that this Court order an interim payment of the full withdrawal liability while the arbitration proceeds.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   DISCUSSION

Under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). Arbitration must be initiated within the earlier of 180 days of the employer's request to review under 29 U.S.C. § 1399(b)(2)(A) or 60 days of the date of notification to the employer of the plan's response to that request. *Id.* An employer who does not timely request review "forfeit[s] its right to commence an arbitration unilaterally." *Amalgamated Lithographers of Am. v. Unz & Co. Inc.*, 670 F. Supp. 2d 214, 226 (S.D.N.Y. 2009).

The question before the Court is whether this Court or an arbitrator should decide whether Pacific Racing's actions were timely. Plaintiffs cite two cases where a court has determined that

an employer's failure to request review or initiate an arbitration was untimely. But in each of those cases, unlike in this one, there were no disputed facts to resolve. *Ret. Plan of Nat'l Ret. Fund v. Lackmann Culinary Servs., Inc.*, No. 7:10-cv-06316 (VB), 2011 WL 3366354, at \*6 (S.D.N.Y. July 29, 2011) ("It is undisputed that Lackmann Culinary received plaintiffs' December 23 letter on or about December 29, 2009. Defendants admit they did not request a review of the December 23 letter or the withdrawal liability it set forth."); *Einhorn v. Joseph Paolino & Sons, Inc.*, No. CIV. A. 95-5824, 1996 WL 239838, at \*3–4 (E.D. Pa. May 1, 1996) (finding no dispute over the employer's receipt of the notice or its failure to initiate arbitration within 180 days of the date on which it requested review). Here, by contrast, the parties dispute the fact of whether Defendants received the Assessment.

The Court agrees with Defendants that this is a dispute for the arbitrator to resolve. As the Ninth Circuit has explained, "the express terms of § 1401(a)(1)" provide that "*any* dispute over withdrawal liability as determined under the enumerated statutory provisions *shall* be arbitrated." *Teamsters Pension Tr. Fund-Bd. of Trs. of W. Conf. v. Allyn Transp. Co.*, 832 F.2d 502, 504 (9th Cir. 1987) (citation modified) (emphasis in original). Thus, "all issues of fact concerning notice or the amount of liability are for an arbitrator." *I.L.G.W.U. Nat'l Ret. Fund v. Meredith Grey, Inc.*, 986 F. Supp. 816, 825 (S.D.N.Y. 1997). Courts have applied this rule to conclude that the arbitrator must decide disputes over timeliness—for example, whether the plan's demand for withdrawal liability was made "as soon as practicable," as required by 29 U.S.C. § 1399(b)(1), *Giroux Bros. Transp. v. New England Teamsters & Trucking Indus. Pension Fund*, 73 F.3d 1, 4 (1st Cir. 1996), or "whether and when" the employer received the plan's demand letter, *Alaska Plumbing & Pipefitting Indus. Pension Fund v. Honeywell Int'l Inc.*, No. 2:25-cv-00253-LK, 2025 WL 2347941, at \*2 (W.D. Wash. July 29, 2025).[2] The Court applies these authorities to conclude that an arbitrator must decide the timeliness of Pacific Racing's request to review and subsequent initiation of arbitration—questions that the arbitrator has now resolved in Pacific Racing's favor.

---

[2] Plaintiffs correctly observe that the parties in *Alaska Plumbing & Pipefitting* agreed to arbitrate those questions, but the court also independently concluded "that the notice issue is arbitrable because the dispute arises under Section 1383." 2025 WL 2347941, at \*2.

4

In the parties' joint supplemental brief, Plaintiffs argued that the arbitrator's decision on timeliness was incorrect, but they did not counter Defendants' contention that it is premature for the Court to review the arbitrator's decision. A party may bring an action "to enforce, vacate, or modify the arbitrator's award," but such an action may be brought only "[u]pon completion of the arbitration proceedings." 29 U.S.C. § 1401(b)(2). Plaintiffs do not contend that the arbitration is complete, nor do they provide any authority, and the Court is aware of none, supporting the Court's ability to conduct an interlocutory review of the arbitrator's timeliness decision. Accordingly, the Court grants Defendants' motion insofar as it requests a ruling that timeliness is an arbitrable issue and that proceedings in this Court regarding the amount of Defendants' withdrawal liability, if any, be stayed.

However, Defendants failed to respond to Plaintiffs' alternative request that the Court order Defendants to make an interim payment of the full withdrawal liability, as calculated by Plaintiffs, pending completion of the arbitration. According to the arbitrator, "[b]oth sides cite[d] cases that support a district court's power" to do so. ECF No. 27 at 16. The Court will require the parties to meet and confer regarding how to resolve this question.

**CONCLUSION**

For the above reasons, Defendants' motion to compel arbitration and stay proceedings is granted in part. The case is stayed pending arbitration as to the amount of Defendants' withdrawal liability, if any. The parties shall meet and confer regarding whether the Court can and should order an interim payment of the full withdrawal liability, as calculated by Plaintiffs, pending completion of the arbitration. They shall include the results of their discussion in the joint case management statement due by March 24, 2026.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
JON S. TIGAR
United States District Judge